The People of the State of Illinois, Plaintiff-Appellant—(The City of Chicago, Separate Appellant,)—*v*. Anthony Gregory *et al.*, Defendants-Appellees.

(No. 56726;

First District—July 28, 1972.

Edward V. Hanrahan, State's Attorney, and Richard L. Curry, Corporation Counsel, both of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, and Gayle F. Haglund, Assistant Corporation Counsel, of counsel,) for the People.

Howard T. Savage and Paul C. Ross, both of Chicago, for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

The People of the State of Illinois and the City of Chicago have moved for a summary reversal and remandment of the 270 obscenity cases consolidated in this one appeal, urging that by virtue of the recent decision in *People v. Ridens*, 51 Ill.2d 410, (rehearing denied May 25, 1972) the trial court's denial of the State's and City's motion to vacate the dismissal of these cases was erroneous.

The facts were stipulated and the court made the following pertinent findings of fact:

"1. In each case a publication was purchased from the defendant, a commercial seller of publications, by a law enforcement officer of the City of Chicago or County of Cook in the State of Illinois.

2. In each case the publication so purchased was delivered to an assistant state's attorney of Cook County, Illinois or an assistant corporation counsel of the City of Chicago.

3. In each case the purchasing police officer signed a sworn complaint charging the defendant with a violation of the Chicago Obscenity Ordinance (Chapter 192 Section 1 of the Municipal Code of Chicago) or of the Illinois Obscenity Statute (Chapter 38, Section 11-20, Illinois Revised Statutes 1967) because of the sale of the publication.

5. Neither the ordinance nor the statute provides for a prior adversary judicial hearing to determine the obscenity or constitutional protection of publications which may become the subject of a charge of obscenity, and no such hearing is provided for elsewhere in Illinois Law by ordinance, statute, rule or practice.

6. In each case the purchasing officer appeared before a judge or magistrate of the Circuit Court of Cook County and leave to file the complaint was granted and a warrant was issued for defendant's arrest."

The trial court's conclusions of law were:

"The failure of the government of the City of Chicago or the State of Illinois to provide an adversary judicial hearing to determine, and to make a judicial determination arrived at in an adversary proceeding whether the publication, for the sale of which each defendant is being prosecuted under the provisions of the Chicago Obscenity Ordinance or the Illinois Obscenity Statute, prior to the filing of the complaint against the defendant, the arrest of the defendant and the commencement of proceedings against him under the said ordinance or statute, is obscene or constitutionally protected, constitutes a violation of the free speech and press provisions of the First Amendment of the United States Constitution and of the free speech and press provisions of the Illinois Constitution. The proceedings against the defendant in each case before the court absent the opportunity of the defendant to participate in a prior adversary judicial proceeding to determine whether what he sold is obscene or constitutionally protected deprived each defendant of due process of law guaranteed by the Fourteenth Amendment of the United States Constitution and by the Constitution of the State of Illinois. The failure to provide a prior adversary judicial proceeding to determine the obscenity or constitutional protection of

the publication involved in each case is both unfair in the constitutional sense .and fatal to the constitutional validity of proceedings against each defendant."

In *People v. Ridens, supra,* as in the instant case, the defendants claimed that they were entitled to an adversary hearing prior to the issuance of warrants for their arrest on the question of whether, in fact, the alleged offending publications were obscene. The court held that since the arrests were made after sales of magazines to police officers and not before, the defendants were not entitled to an adversary hearing prior to arrest on the question of obscenity.

Since *Ridens* is determinative of this appeal, we reverse the judgment of July 23, 1971, dismissing the complaints and discharging the defendants, and remand the cause with directions to deny defendants' motions to dismiss the complaints consolidated herein and for further proceedings not inconsistent herewith.

Reversed and remanded with directions.

LORENZ, P. J., and ENGLISH, J., concur.